UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SAIID FOROUZAN RAD, et al.,<br><br>Defendants. | Case No. 2:14-cv-01947-APG-PAL<br><br>ORDER<br><br>(Mot Reopen Disc – Dkt. #39). |

Before the court is Defendants' Motion to Reopen Discovery (Dkt. #39) filed October 29, 2015. The court has considered the Motion (Dkt. #39), Plaintiff's Opposition (Dkt. #43), Defendants' Reply (Dkt. #46), and the arguments of counsel at a hearing held November 17, 2015. Joseph Went and Nicole Lovelock appeared on behalf of the Plaintiff. Ogonna Brown appeared on behalf of the Defendants.

**BACKGROUND**

The Complaint (Dkt. #1) in this case was filed November 21, 2014. Defendants R. Phillip Nourafshan and Saiid Forouzan Rad responded to the complaint by filing a Motion to Dismiss (Dkt. #9) February 2, 2015. The parties stipulated to stay discovery proceedings against Rad on March 17, 2015 (Dkt. #21) because of his ill health. The court granted the stipulation staying proceedings against Defendant Rad until after a ruling on the pending motion to dismiss, or no later than May 31, 2015. Mr. Rad died June 1, 2015, the day the stay was lifted. On June 30, 2015, the parties submitted a stipulation and proposed order to extend discovery deadlines to "ensure the proper parties are able to participate in discovery as Mr. Rad's family is in the process of addressing issues relating to Mr. Rad's estate." The court granted the stipulation and extended discovery until September 17, 2015. *See* Order (Dkt. #26). Defendants filed a Motion

1

to Substitute Party (Dkt. #29) August 28, 2015, to substitute the special administrator estate of Mr. Rad as the Defendant.

The district judge held oral argument on the motion to dismiss on September 23, 2015, and entered a written order (Dkt. #35) denying the motion to dismiss the following day. Defendants filed an Answer (Dkt. #36) to the complaint October 8, 2015.

In the current motion, the Defendants seek to reopen discovery which closed September 17, 2015, to address issues raised in the district judge's order denying the motion to dismiss. Defendants seek to conduct limited written discovery and to take one or two depositions to obtain evidence regarding the Plaintiff's damages claim.

Plaintiff opposes the motion arguing that it is unclear how Mr. Rad's death hindered the Defendants' opportunities to conduct discovery upon Branch Banking and Trust Company ("BB&T). Plaintiff claims that the Defendants made the strategic and deliberate decision not to conduct any discovery while they awaited a ruling on the motion to dismiss. The stay of discovery as to Mr. Rad did not prevent the Defendants from engaging in discovery directed to BB&T. BB&T timely filed its motion for summary judgment on October 16, 2015, in compliance with the court's discovery plan and scheduling order. The motion for summary judgment was based in large part upon a stipulated set of facts supporting Plaintiff's liability and damages claims.

Additionally, BB&T argues the motion to reopen was not timely filed 21 days before the expiration of the discovery cutoff. As such, Defendants are required to show excusable neglect. Defendants' lack of diligence in attempting to conduct any discovery within the discovery cutoff precludes a finding that Defendants were diligent. Under controlling Ninth Circuit authority, modification of a scheduling order is permitted only if the deadlines cannot be met despite the diligence of the parties seeking the extension and where the movant fails to show diligence, the inquiry should end. LR 26-4 provides that an extension made after the expiration of the discovery plan and scheduling order deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect.

Citing *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000), Plaintiff argues that the Ninth Circuit considers four factors in determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of delay in its potential impact on the proceeding; (3) the reason for the delay; and (4) whether the movant acted in good faith.   The Ninth Circuit has held excusable neglect approximates negligence. *Lamoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009).   The court's decision about whether neglect is excusable is ultimately an equitable one, taking into account all of the relevant circumstances surrounding the parties' omission.   *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship.* 507 U.S. 380, 395 (1993).

The Defendants had approximately 200 days to conduct discovery and conducted none. Additionally, Defendants have not complied with LR 26-4 by providing a specific description of the discovery that remains to be completed, or the reasons why the discovery was not completed within the time allowed.   Defendants' motion seeks to reopen discovery to obtain evidence regarding Plaintiff's damages claim, payments received from the FDIC, and to address issues raised by the court during a hearing on the motion to dismiss which does not comply with the specificity required by LR 26-4.   Defendant could have conducted discovery on payments made by the FDIC within the discovery cutoff, the order on the motion to dismiss did not raise new issues.   Additionally, BB&T argues discovery concerning FDIC payments to it has been held irrelevant by a number of judges in many decisions and written opinions in this district.

Rad's reply was filed at 9:43 p.m. the night before the hearing.   The court took the matter under advisement after hearing oral argument to review the reply and supporting declaration of R. Phillip Nourafchan and supplemental Brown declaration.   The reply argues that Defendants lacked the resources to conduct discovery as a result of multiple litigations dating back to 2008 in state court, federal court, bankruptcy court, the Nevada Supreme Court, the Ninth Circuit Court of Appeals, and the Bankruptcy Appellate Panel.   Mr. Rad's resources were also depleted as a result of his own illness, his wife's illness, and family support obligations.

The motion to reopen for a very short period of time is made for the limited purpose of addressing the inquiries raised by Judge Gordon during a hearing on the motion to dismiss.

1    Defendants dispute that they are requesting to reopen discovery to delay proceedings. Rather,

2    Defendants were hopeful the motion to dismiss would be granted and that the expense of

3    discovery could be avoided. This case has been pending for less than a year, and has been

4    clouded by Mr. Rad's illness and passing. BB&T cannot legitimately claim any prejudice if

5    discovery is reopened for a short period of 60 days. The court should therefore exercise its broad

6    discretion to reopen discovery finding excusable neglect under the compelling circumstances

7    arising from the debilitating illness and death of Mr. Rad, a key witness and person most

8    knowledgeable for Defendants' defense who was unable to conduct or participate in any

9    discovery. Finally, Defendants argue that BB&T failed to comply with its Rule 26(a)(1) initial

10   disclosure obligation with respect to its computation of damages. Specifically, BB&T provided

11   no information concerning sums it received under its Loss Share Agreement with the FDIC.

12         During oral argument, counsel for Defendants made an impassioned plea on behalf of her

13   clients. She accepted responsibility for not filing the motion before the expiration of the

14   discovery cutoff, or until after BB&T filed its motion for summary judgment. However, she

15   urged the court to consider the equities involved in her client's illness and passing, and lack of

16   financial wherewithal to engage in discovery given the multiple lawsuits and appeals her clients

17   had been engaged in since 2008.

18                                   **DISCUSSION**

19         Rule 16(b) of the Federal Rules of Civil Procedure requires the court to enter a

20   scheduling order after the parties have conducted their Rule 26(f) conference. The Ninth Circuit

21   has held that the purpose of Rule 16 is "to encourage forceful judicial management." *Sherman v.*

22   *United States*, 801 F.2d 1133, 1135 (9th Cir. 1986); see also advisory committee's note to Fed.

23   R. Civ. P. 16 (stating "explicit reference to sanctions reinforces the rule's intention to encourage

24   forceful judicial management.") Violations of Rule 16 are neither technical nor trivial. *Martin*

25   *Family Trust v. Heco-Nostalgia Enterprises, Co.,* 186 F.R.D. 601, 603 (E.D. Ca. 1999). Rule 16

26   is critical to the court's management of its docket and prevents unnecessary delays in

27   adjudicating cases. *Id.* The Ninth Circuit has emphasized that a case management order "is not

28   a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without

peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted).  Disregard of a court order undermines the court's ability to control its docket and rewards the indolent and cavalier.  *Id.*

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  A party seeking to reopen discovery after the deadline has run must show excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B); LR 6-1(b).  For purposes of Rule 6(b), "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Committee v. Cost*, 92 F.3d 814, 824 (9th Cir. 1996) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)). The determination of whether an act or an omission constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 92 F.3d at 825.  Relevant circumstances to consider include: (1) the danger of prejudice to other parties; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith.  Id.  Denial of a motion to reopen discovery is reviewed for a clear abuse of discretion.  *United States ex rel Army Athletic Ass'n v. Reliance Insurance, Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986).

Here, the motion to reopen was filed more than six weeks after the discovery cutoff ran on September 17, 2015, and two weeks after Plaintiff timely filed its motion for summary judgment in compliance with the court's discovery plan and scheduling order.  Defendants did not raise any issue concerning Defendants' financial inability to participate in discovery with the court until the reply brief filed late in the evening the night before the hearing on this motion. The court finds BB&T would be prejudiced if discovery was reopened at this late date where, as here, it filed its motion for summary judgment two weeks before this motion was filed. Reopening discovery would cause BB&T to incur additional attorneys' fees and costs and delay resolution of this case on its merits.  It would also disrupt the court's case management of this case.  LR 26-1(e) is designed to allow the parties to complete discovery, file dispositive motions and receive a trial date after decision of dispositive motions when the joint pretrial order is filed.

Allowing additional discovery at this point would undoubtedly result in a new round of dispositive motion practice and waste the resources of both the parties' and the court already spent on BB&T's motion for summary judgment.

The court accepts counsel's representations that this motion is brought in good faith and not to delay these proceedings.  The court is sympathetic to the profound personal and financial stressors confronting Mr. Rad.  However, as BB&T correctly points out, Mr. Rad's illness and subsequent passing did not prevent Defendants from conducting the discovery now sought.  The court was not asked to delay discovery and extend the deadlines for a period to allow the Defendants an opportunity to muster the resources to conduct discovery.  Defendants stipulated to a 45 day extension of the discovery cutoff after Mr. Rad's death but  conducted no discovery.  Although Defendants now seek to conduct discovery on issues suggested by Judge Gordon at the hearing and in the written order denying the motion to dismiss, the motion to reopen was not filed until more than a month after the district judge denied

Defendants filed a response to BB&T's motion for summary judgment the day before the hearing.  The response argues there are genuine issues of material fact that preclude summary judgment in favor of BB&T.  Counsel for Defendants acknowledged during oral argument at the hearing on this motion that Defendants did not claim they were unable to respond to the motion for summary judgment because additional discovery was needed. The response to the motion for summary judgment did not ask for discovery under Rule 56(d). Counsel for Defendants explained that she believed she had effectively done this by filing the motion to reopen.

 Defendants did not raise any equitable considerations concerning their financial inability to afford discovery with the court in the stipulation to extend discovery for 45 days, before the 45-day extension expired, or until the reply brief on this motion was filed.  The court accepts the representations of counsel for Defendants that this motion is made in good faith and not as a delay tactic.  However, the remaining factors the Ninth Circuit has directed the lower courts to address do not weigh in favor of the Defendants.  On this record, the court cannot find that the Defendants were diligent in attempting to comply with the court's discovery plan and scheduling order deadlines when no discovery was conducted, no request for an extension was made before

the expiration of the deadline, and the motion to reopen was not filed until after BB&T timely filed its motion for summary judgment.  For these reasons,

**IT IS ORDERED** that Defendants' Motion to Reopen Discovery (Dkt. #39) is **DENIED**.

DATED this 18th day of November, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE