**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>THE ESTATE OF SAIID FOROUZAN RAD and AKBAR RASTGOO DAMAVANDI; and R. PHILIP NOURAFCHAN,<br><br>    Defendants. | Case No. 2:14-cv-01947-APG-PAL<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>(ECF No. 54) |

  Plaintiff Branch Banking and Trust Company ("BB&T") filed suit against defendants Saiid Forouzan Rad[1] and R. Philip Nourafchan for breach of a guaranty. I granted BB&T's motion for summary judgment, and judgment was entered against the defendants in the amount of $44,517,158.59. ECF Nos. 50, 52. BB&T now moves for attorney's fees in the amount of $62,412.82 and nontaxable costs in the amount of $233.50 based on the guaranty's contractual language which requires the payment of reasonable attorney's fees and costs incurred in collecting the debt. The defendants oppose, arguing that I should not award attorney's fees and nontaxable costs at this time because the defendants may prevail on appeal. As to the amount of the award, the defendants argue I should consider that they attempted to resolve this matter expeditiously and that their defenses were asserted in good faith.

  "If state substantive law governs a case, then an award of attorney fees is also governed by state law." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 218 (9th Cir. 2013). Under Nevada law, "attorney's fees are only available when authorized by a rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994) (quotation omitted).

---

[1] Following defendant Saiid Forouzan Rad's death, his estate and the administrator of his estate, Akbar Rastgoo Damavandi, were substituted as defendants. ECF No. 37.

The reasonableness of an attorney's fee award is also determined by state law when a federal court is sitting in diversity. *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). In Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (en banc) (quotation omitted). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See id.* at 549 & n.98 (quotation omitted). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

In determining the reasonableness of a fee request, I am guided by the factors listed in *Brunzell v. Golden Gate National Bank*:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d 31, 33 (Nev. 1969); *see also Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) ("[I]n determining the amount of fees to award, the court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount, so long as the requested amount is reviewed in light of the factors set forth in *Brunzell*." (quotation omitted)).

I also am guided by the factors set forth in Local Rule 54-14(b). *See Schneider v. Elko Cty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1166 (D. Nev. 1998). That rule provides that the motion must include the following:

> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-13;
> (3) A brief summary of:
>     (A) The results obtained and the amount involved;

> (B) The time and labor required;
> (C) The novelty and difficulty of the questions involved;
> (D) The skill requisite to perform the legal service properly;
> (E) The preclusion of other employment by the attorney due to acceptance of the case;
> (F) The customary fee;
> (G) Whether the fee is fixed or contingent;
> (H) The time limitations imposed by the client or the circumstances;
> (I) The experience, reputation, and ability of the attorney(s);
> (J) The undesirability of the case, if any;
> (K) The nature and length of the professional relationship with the client;
> (L) Awards in similar cases; and,
> (M) Any other information the court may request.

LR 54-14(b).

Although state law governs whether a party is entitled to attorney's fees, federal law dictates the procedure for requesting attorney's fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). A motion for attorney's fees and related nontaxable costs must be filed no later than 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(i). The motion must state the amount sought or provide a fair estimate. Fed. R. Civ. P. 54(d)(2)(B)(iii). The motion must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion and to confirm that the bill has been reviewed and edited and that the fees and costs charged are reasonable. LR 54-14(c). Failure to provide the required information "may be deemed a consent to the denial of the motion." LR 54-14(d). The Local Rules also permit an award of attorney's fees to include costs and expenses that are not otherwise taxable pursuant to Rule 54(d)(2) (*i.e.,* nontaxable costs). *See* LR 54-14(b)(2).

Here, the defendants do not challenge the reasonableness of the amounts requested. Instead, they argue I should not award fees at this time because they might prevail on appeal. I decline to defer a ruling on the fee award on that basis. Courts regularly award fees even when a case is appealed. If the defendants prevail on appeal, then the fee award will likewise be reversed.

The defendants also assert I should take into consideration that they attempted to keep legal fees to a minimum and litigated their defenses in good faith. However, the guaranty

unambiguously provides that the guarantors must pay reasonable attorney's fees and costs that BB&T incurs in collecting the debt. ECF No. 38-1 at 79-80. Again, the defendants do not dispute that the fees and costs BB&T seeks are reasonable.

I have reviewed the motion and supporting documentation in light of both the *Brunzell* factors and Local Rule 54-16. The request for fees and costs is both supported by evidence and reasonable. I therefore grant the motion.

IT IS THEREFORE ORDERED that plaintiff Branch Banking and Trust Company's motion for attorney's fees and nontaxable costs **(ECF No. 54) is GRANTED**. The clerk of court shall enter judgment in favor of plaintiff Branch Banking and Trust Company and against defendants Phillip Nourafchan and the Estate of Saiid Forouzan Rad in the amount of $62,412.82 in attorney's fees and $233.50 in nontaxable costs.

DATED this 16th day of June, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE